UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MICHAEL OLIVO, by and through successor in interest, Patricia Olivo; PATRICIA OLIVO, individually,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>California Department of Corrections and Rehabilitation, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  24cv0896-W-MMP<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION [DOC. 33]** |

Before the Court is Plaintiffs' motion for reconsideration (*Recon Mtn*. [Doc. 33]) regarding the Court's July 9, 2025 order (*Order* [Doc. 29]) that granted Defendants' motion to dismiss Plaintiffs' state law claims without leave to amend. Defendants filed an opposition, and Plaintiffs filed a reply. (*Opposition* [Doc. 37]; *Reply* [Doc. 38].) For the reasons stated below, Plaintiffs' motion is **GRANTED**.

### I.  Background

On May 21, 2024, Plaintiffs initiated this action by filing a complaint against the California Department of Corrections and Rehabilitation ("CDCR") and several other individually named defendants. (*Complaint* [Doc. 1] at 1.) On August 19, 2024, Plaintiffs

filed a first amended complaint, which alleges several causes of action including: (1) Failure to Provide Mental Health Treatment, Eighth Amendment violation (42 U.S.C. § 1983); (2) Failure to Protect from Harm, Eight Amendment violation (42 U.S.C. § 1983); (3) Deprivation of the Right to Familial Relationship with Decedent (42 U.S.C. § 1983); (4) Supervisory Liability Causing Constitutional Violations (Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983); (5) Wrongful death; (6) Negligence; (7) Failure to Provide Medical Care; and (8) Declaratory Relief (28 U.S.C. § 2201). (*First Amended Complaint* ("*FAC*") [Doc. 4] at 1.)

On February 18, 2025, Defendants moved to dismiss Plaintiffs' FAC. (*Mtn. to Dismiss* [Doc. 25].) This Court granted dismissal of Plaintiffs' first four causes of action with leave to amend and dismissed causes of action five through seven without leave to amend. (*Id*.) Now, pursuant to Rules 54(b), 59(e), and/or 60(b) of the Federal Rules of Civil Procedure, Plaintiffs seek reconsideration of the prior order dismissing causes of action five through seven without leave to amend. (*Recon Mtn*.)

## II.  Legal Standard

Federal Rule of Civil Procedure 54(b) provides that "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Rule 54 does not provide courts guidance on a standard or factors to consider when reviewing prior orders. For this reason, district courts look to the standard for motions for reconsideration under Rule 59(e) and Rule 60(b). *See Lyons v. Baughman*, No. CIV. S-01-412 LKK/KJM P, 2007 WL 1378022, at *3 n. 3 (E.D. Cal. May 10, 2007) (Rule 59(e) and Rule 60(b) standards provide guidance to Rule 54(b) motions); *Pac. Coast Fed. of Fishermen's Ass'n v. Locke*, No. C 10-4790 CRB, 2011 WL 289927, at *2 (N.D. Cal. Jan. 27, 2011) (applying Rule 59(e) standard to Rule 54(b) motion); *Calloway v. Cal. Dep't of Corrections and Rehabilitation*, No. C 07-2335 RMW(PR), 2010 WL 1221883, at *1 (N.D. Cal. Mar. 24, 2010) (same).

A motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment or the ruling, otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *Am. Ironworks & Erectors, Inc. v. N. Am. Construction Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Here, Plaintiffs' motion (*Recon Mtn.*) was filed within twenty-eight days of this Court's order (*Order*). Accordingly, the Court considers Plaintiffs' motion under Rule 59(e) of the Federal Rules of Civil Procedure, which governs motions to alter or amend a judgment. Fed. R. Civ. P. 59(e).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and internal quotation marks omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id*. (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Further, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*. It does not give parties a "second bite at the apple." *See id*. Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (citations and internal quotation marks omitted).

Here, Plaintiffs do not claim any new facts or circumstances exist but instead base their motion for reconsideration on clear error. (*See Recon Mtn.*) Plaintiffs' arguments are considered below.

/ / / /

/ / / /

### III. Discussion

The Court's August 6, 2025 order concluded that Plaintiffs failed to substantially comply with the California Government Claims Act because they did not "identify any of the individuals in the FAC and only named Danny Samuel, the warden of a different prison, who is also not included in the FAC." (*Order* at 6.) Plaintiffs concede that Warden Danny Samuel was erroneously named as the Warden of Richard J. Donovan Correctional Facility. (*Reconsideration Mtn*. at 5.) They, however, argue that their claim "clearly identified the subject matter, the injuries, and the actors involved." (*Id*. at 4.)

Under Government Code § 910, a claimant must provide the claimant's name and address, the date, place, and circumstances of the occurrence; a general description of the injury, damage, or loss; the names of the responsible employees, if known; and the amount of the claim. Cal. Gov't Code § 910. Although the California Government Claims Act generally requires the identification of the public employees who caused the alleged injury, a claimant may demonstrate "plead[] and prove[]" that their identities were unknown or unknowable at the time the claim was submitted. Cal. Gov't Code § 950.4.

Here, Plaintiffs' claim identified the unknown officials that caused the injuries as "Warden Danny Samuel, and other Unknown State of California and California Department of Corrections and Rehabilitations custody personnel and medical/mental health personnel." (*Defts' Judicial Notice Request* [Doc. No. 25-1 at 24, 46].) Plaintiffs' claim further alleges that "Warden Danny Samuel, and other policy-making officers for the State of California and the California Department of Corrections and Rehabilitation were and are aware of a pattern of misconduct and injury caused by California Department of Corrections and Rehabilitation officers and the custodial and medical/mental health personnel at the jails, but failed to discipline culpable law enforcement officers and custody/medical staff at the jails and failed to institute new procedures and policy within the State of California and the California Department of Corrections and Rehabilitation." (*Id*. at 25-1 at 40.) Although Plaintiffs' claim

erroneously named the wrong warden, they stated that the individually named Defendants were unknown and generally referred to policy-making officers at the CDCR.

The California Supreme Court has explained that "a defect in the form of compliance is not fatal so long as there is substantial compliance with the essentials of the requirement." *Hall v. Los Angeles*, 19 Cal. 2d 198, 202 (1941). In *Dillard v. County of Kern*, the court found substantial compliance in the claim presented to the public entity when the claimants omitted the identities of the individuals who caused the damage but provided clear "details as to the nature of the claim," "[t]he time and place of the collision," and "[t]he extent and amount of the injury or damage." *Dillard v. Cty. of Kern*, 23 Cal. 2d 271, 278 (1943).

Furthermore, California courts have recognized that "a claim that substantially fails to comply . . . may still be considered . . . if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved." *Del Real v. City of Riverside*, 95 Cal. App. 4th 761, 769 (2002). As the California Supreme Court has explained, the Act's purpose is "to give the entity the opportunity to investigate and settle the claim before suit [i]s brought." *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1244, 90 P.3d 116, 121 (2004). The California Supreme Court explained further:

> The statute does not require that the officers or employees be named or that their duties or official capacity be described. If the purpose of the statute is to enable the county to make an investigation and determine the claim on the merits, there is substantial compliance when it is advised that . . . its agents and servants caused the injury without further describing them. The employer . . . is more apt to know the names and capacities of its employees.

*Dillard*, 23 Cal. 2d at 278.

Upon further review, the fact that the employees' identities were unknown at the time of the claim is not detrimental to Plaintiffs' claims. Although Plaintiff erroneously identified the warden and failed to identify the individual defendants in its claim, this error does not negate substantial compliance. Plaintiffs identified the correct prison, the

name of the decedent, his inmate number, the date, the location of the incident (inside the decedent's prison cell), and the theory of liability (i.e. failure to provide meaningful medical attention). (*See Defts' Judicial Notice Request.*)

Additionally, even if the claim were found not to substantially comply, the statute's underlying purpose has nevertheless been satisfied. The purpose of the statute "is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (1974). Here, the information provided in Plaintiffs' claim, including the date, prison, name of decedent, inmate number, the theory of liability, and location of the incident, was sufficient to conduct an investigation. Accordingly, the statute's purpose is fulfilled.

## IV.  Conclusion

For the reasons stated above, Plaintiffs' motion for reconsideration is **GRANTED**. The Court's August 6, 2025 order is therefore **MODIFIED** to the extent that it dismissed claims five through seven without leave to amend. Upon reconsideration, the Court **DENIES** Defendants' motion to dismiss the above claims. Plaintiffs' claims five through seven are reinstated. In all other respects, the August 6, 2025 order remains unchanged. Plaintiffs shall file a second amended complaint consistent with this ruling no later than **December 18, 2025**.

IT IS SO ORDERED.

Dated:  December 4, 2025

_____
Hon. Thomas J. Whelan
United States District Judge